## AMBERG FILE & INDEX CO. v. SHEA SMITH & CO.

(Circuit Court, N. D. Illinois. December 21, 1896.)

1. COPYRIGHT—INFRINGEMENT—PLEADING—MULTIFARIOUSNESS.
   A bill declaring on 30 different copyrights, each for an index covering a letter or portion of a letter of the alphabet, and all constituting one complete index system, is not multifarious.

2. SAME—SUBJECTS OF COPYRIGHT—LETTER FILES.
   A system of indexes, constituting a letter file, is not a proper subject of copyright.

This was a bill alleging infringement of 30 different copyrights relating to, or covering parts of, Amberg's Directory System of Indexing. Each copyright was for an index covering a letter or portion of a letter of the alphabet, so that in the complete system 30 indexes were employed, which had been severally copyrighted. Each index was provided with leaves arranged loosely, so that they could be separated, and letters indexed or temporarily filed in their proper places. The defendant demurred on the ground (1) that the bill was multifarious, in declaring on several copyrights in one bill; and (2) on the ground that the indexes were not the proper subject of a copyright, under the federal statute.

Bond, Adams, Pickard & Jackson, for complainant.
Banning & Banning, for defendant.

SHOWALTER, Circuit Judge.   I should say in this case that the point of multifariousness is not well taken.   All the parts of the copyrighted matter, taken together, constitute, in use, a single implement.   The subject-matter of litigation is, in a sense, single.   It is rather one controversy than a combination of controversies.   But upon the main point it seems to me that, in getting up the contrivance here copyrighted, Mr. Amberg was not an "author," as that word is used in the federal constitution, nor is what he produced a "book," as that word is used in the federal statute.   This contrivance, as made and sold by the complainant, does not have the purpose or function of conveying information.   It is a mechanism or device for the storage of letters so that they can be preserved and conveniently found afterward.   Until the purchaser of a set of these "indexes" commences to use the same, by putting written documents between the leaves, such indexes signify nothing.   Until then (that is to say, as copyrighted) they are not a medium of information or intelligence, and hence, in my judgment, not a book, within the meaning of the copyright laws.   A monopoly might, perhaps, have been secured under the patent laws, but I think not under the copyright laws.   The bill is therefore dismissed for want of equity.