## AMBERG FILE & INDEX CO. v. SHEA SMITH & CO.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1897.)

### No. 371.

COPYRIGHT—SUBJECTS OF COPYRIGHT—LETTER FILES.

A system of indexes, constituting a letter file, being designed for use, and not for conveying information, is not a proper subject of copyright. 78 Fed. 479, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The Amberg File & Index Company, the appellant, filed its bill in the court below to restrain the alleged infringement of 30 copyrights granted to William A. Amberg for as many so-called index books, styled "Amberg Directory System of Indexing," constituting a complete index for the proper filing of letters and other papers. A demurrer to the bill was sustained and the bill dismissed for want of equity. The bill charges that all of the so-called books, taken together, constitute a series or set of indexes, primarily designed for use by large commercial houses conducting a large correspondence, and wherein letters and other papers or documents may be so filed to be readily accessible, and that no one of the several so-called books, nor any number less than the whole number, can be practically employed as a general index for correspondence or other documents. The letter-file index consists of a number of sheets loosely arranged, and provided with letters in the outer margins, after the manner of an index, so that letters can be slipped in between the sheets and there temporarily held until the space is filled, when the sheets can be removed from the box and permanently filed. The letters on the different loose sheets are arranged in alphabetical order, the spaces between the letters varying to correspond with the supposed volume of correspondence to be arranged thereunder. In order to ascertain the proper space to be allowed, the bill states that Amberg, in preparing the same in such manner as to adapt such copyrighted books for such use,

spent much time and labor in consulting and reading directories of the inhabitants and businesses of numerous large cities of the United States, with a view to preparing such copyrighted books in substantial accordance with the spelling, number, and arrangement of names found in said directories, and that he did so arrange and prepare his said copyrighted books. In other words, he adjusted the spaces between the letters to the supposed average requirements as he ascertained them from different directories.

Bond, Adams, Pickard & Jackson, for appellant.

Banning & Banning, for appellee.

Before WOODS and JENKINS, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts, delivered the opinion of the court.

In Baker v. Selden, 101 U. S. 99, the difference between that which may be protected by copyright and that which is the subject of letters patent is stated and illustrated, and the whole matter summed up in the language of the court:

"The object of the one is explanation. The object of the other is use. The former may be secured by copyright. The latter can only be secured, if it can be secured at all, by letters patent."

In that case one Selden had obtained copyright of a book entitled "Selden's Condensed Ledger, or Bookkeeping Simplified," the object of which was to exhibit and explain a peculiar system of bookkeeping. There was an introductory essay explaining the system of the author's bookkeeping, and certain forms or blanks, consisting of ruled lines and headings, were employed to illustrate the system, and to show how it could be used and carried out in practice. The court held that no copyright could be obtained, that blank account books are not the subject of copyright, and that the copyright of Selden's book did not confer upon him the exclusive right to make and use account books ruled and arranged as designated by him, and described and illustrated. In this case there is no explanation accompanying the indexes. The arrangement of letters is the thought of the author. These indexes or so-called books are not made for explanation, but for use. They do not convey information. They are of no possible service until subjected to use in the filing of letters. It is, as observed by Judge Showalter in the court below (Amberg File & Index Co. v. Shea Smith & Co., 78 Fed. 479), "a mechanism or device for the storage of letters so that they can be preserved and conveniently found afterwards." The copyright law embraces those things that are printed and published for information, and not for use in themselves. The device of the appellant is not within the law of copyright, and the bill cannot be sustained. Decree affirmed.